| | |
|---|---|
| DISTRICT COURT, COUNTY OF DENVER<br>STATE OF COLORADO<br>1437 Bannock Street<br>Denver, CO 80202 | |
| **Plaintiff: OBIE WAPLES**<br><br>v.<br><br>**Defendant: DILLON COMPANIES, INC. d/b/a KING SOOPERS, a KANSAS CORPORATION.** | **COURT USE ONLY** |
| Attorneys for Plaintiff<br>Daniel J. Caplis, #13171<br>Babar Waheed, #38273<br>Michael J. McNally, #16107<br>The Law Offices of Daniel J. Caplis<br>4601 DTC Boulevard, Suite 950<br>Denver, CO 80237<br>Telephone: 303-770-5551<br>Fax: 303-770-5552<br>djc@caplislaw.com<br>bw@caplislaw.com<br>mike@caplislaw.com | Case Number:<br><br>Division: |
| **COMPLAINT AND JURY DEMAND** | |

The Plaintiff herein, Obie Waples, by and through her attorneys, Daniel J. Caplis and Michael J. McNally of The Law Offices of Daniel J. Caplis, hereby files this Complaint and Jury Demand, and demands a jury trial of the following claim for relief and states, avers, and alleges as follows:

### PARTIES, JURSIDICTION AND VENUE

1. Plaintiff is now, and at all times relevant hereto, a resident of the State of Colorado.

2. Defendant Dillon Companies, Inc. d/b/a King Soopers is a Kansas corporation authorized to do business in the State of Colorado.

3. Jurisdiction and venue are proper in the District Court of Denver County because at the commencement of this action the non-resident Defendant owned and/or operated one or more grocery stores in Denver County, Defendant does substantial and ongoing business in Denver County, Defendant can be found in Denver County, and Plaintiff has designated Denver County in her Complaint. Therefore, venue is proper pursuant to C.R.C.P. 98(c).

- 1 -

## GENERAL ALLEGATIONS

4. At all relevant times Defendant owned and/or operated a King Soopers grocery store located at Buckley Square, 17000 East Iliff Ave., Aurora, CO 80013.

5. On December 12, 2014 Plaintiff was shopping at the King Soopers grocery store located at Buckley Square, 17000 East Iliff Ave., Aurora, CO 80013.

6. At all times, Plaintiff was an invitee of Defendant.

7. As Plaintiff was walking in the store, she tripped and fell over a short footstool that had been left in the aisle by Defendant's agents and/or employees.

8. The stool had been allowed by Defendant to remain as a trip hazard on the floor, constituting a dangerous condition that Defendant knew or should have known of, yet failed to correct or adequately warn about.

9. Plaintiff was seriously injured as a result of tripping and falling, requiring shoulder surgery, an extended hospitalization, significant medical care, and substantial additional injuries, damages and losses.

## CLAIM FOR RELIEF
### (Plaintiff against Defendant for Premises Liability)

10. Plaintiff incorporates paragraphs 1 through 9 as though fully set forth herein.

11. C.R.S. § 13-21-115(1.5)(c) provides that landowners, including without limitation, an authorized agent or a person in possession of real property and a person legally responsible for the condition of real property or for activities conducted or circumstances existing on real property, are held to a higher standard of care with respect to an invitee than a licensee, and a higher standard of care with respect to a licensee than a trespasser.

12. Pursuant to C.R.S. § 13-21-115(3)(c)(I), an invitee may recover for damages caused by the Defendant's failure to exercise reasonable care to protect against dangers of which it actually knew or should have known.

13. Defendant was in possession and control of the King Soopers grocery store located at Buckley Square, 17000 East Iliff Ave., Aurora, CO 80013 at all times relevant hereto.

14. On December 12, 2014, Plaintiff entered the said grocery store as a shopping customer in response to Defendant's representations that the public was invited and intended to enter said grocery store and remain.

15. Defendant owed Plaintiff, as an invitee, the duty of reasonable care to protect against dangers Defendant knew about, or should have known about in the exercise of reasonable care while at the grocery store.

16. Defendant had a legal duty to Plaintiff to periodically inspect and be aware of the conditions and circumstances that existed at the grocery store, and in particular, of conditions and objects such as stools or similar items which customers could trip over, and to ensure that the property was safe.

17. Plaintiff was injured by a dangerous condition that Defendant knew or should have known of and yet failed to correct or adequately warn Plaintiff about.

18. Defendant failed to discharge its duties owed to Plaintiff.

19. As a direct and proximate result of Defendant's failures as described herein, Plaintiff has sustained emotional distress, pain and suffering, non-economic and economic damages, physical disfigurement, and permanent impairment damages.

WHEREFORE, Plaintiff prays for judgment against Defendant for economic losses, non-economic losses, including emotional distress and pain and suffering, physical disfigurement, physical impairment, past and future medical and rehabilitation bills and expenses, interest from the date of the incident, costs, fees, and such further relief as the court deems proper.

**PLAINTIFF DEMANDS TRIAL TO A JURY OF SIX (6)**

Respectfully submitted this 9th day of December, 2016

THE LAW OFFICES OF DANIEL J. CAPLIS
*A duly authorized signature is on file in The Law Offices of Daniel J. Caplis*

s/ *Daniel J. Caplis*
Daniel J. Caplis, #13171
Babar Waheed, #38273
Michael J. McNally, #16107
Attorneys for Plaintiff

Plaintiff's address: Obie Waples
Garden Plaza of Aurora
14211 E. Evans Avenue, #253
Aurora, Colorado 80014